```
                    IN THE UNITED STATES DISTRICT COURT
                    FOR THE NORTHERN DISTRICT OF TEXAS
                              DALLAS DIVISION

UNITED STATES OF AMERICA      )  CAUSE NO. 3:12-CR-003-P
                              (
vs.                           )
                              (  APRIL 11, 2013
                              )  DALLAS, TEXAS
SAMUEL GEORGE HURD, III       (  1:30 P.M.
_____



_____

                              REARRAIGNMENT


                  BEFORE THE HONORABLE JORGE A. SOLIS
                      UNITED STATES DISTRICT JUDGE

_____


                         A P P E A R A N C E S


        FOR THE GOVERNMENT:   UNITED STATES ATTORNEY'S OFFICE
                              1100 COMMERCE, 3RD FLOOR
                              DALLAS, TEXAS  75242
                              (214) 659-8600
                              BY:  MR. GARY TROMBLAY

        FOR THE DEFENDANT:    McCRUM LAW OFFICE
                              700 North ST. MARY'S STREET
                              SUITE 1900
                              SAN ANTONIO, TEXAS  78205
                              (210) 225-2285
                              BY:  MR. MICHAEL McCRUM

                              LAW OFFICES Of JAY ETHINGTON
                              3131 McKINNEY AVENUE, SUITE 800
                              DALLAS, TEXAS  75204
                              (214) 740-9955
                              BY:  MR. JAY ETHINGTON
```

Shawn M. McRoberts, RMR, CRR
Federal Official Court Reporter

```
OFFICIAL COURT REPORTER:   SHAWN M. McROBERTS, RMR, CRR
                           1100 COMMERCE STREET, RM. 1654
                           DALLAS, TEXAS  75242
                           (214) 753-2349
```

1              THE COURT:  Call case No. 3:12-CR-003-P, United
2     States versus Samuel Hurd.
3          Mr. Tromblay, are you ready to proceed?
4              MR. TROMBLAY:  Gary Tromblay for the Government.
5              MR. McCRUM:  Good afternoon, Judge.  Mike McCrum and
6     Jay Ethington.  We are ready to proceed.
7              THE COURT:  All right.  If you will come up to the
8     podium with your client, please, sir.
9          And you are Sam Hurd?
10             THE DEFENDANT:  Yes, sir.
11             THE COURT:  All right.  If you would raise your
12    right hand and be sworn in.
13             (Whereupon, the oath was administered by the Court.)
14             THE COURT:  State your full name and your age,
15    please, sir.
16             THE DEFENDANT:  Samuel George Hurd, III.
17             THE COURT:  And your age?
18             THE DEFENDANT:  Twenty-seven years old.
19             THE COURT:  And how much education do you have?
20             THE DEFENDANT:  I graduated college at Northern
21    Illinois University.
22             THE COURT:  All right.  And you have received a copy
23    of the latest superseding indictment that was returned against
24    you back on March the 19th?
25             THE DEFENDANT:  Yes, sir.

1        THE COURT:  It is a one-count indictment, and it has
2   a sentencing notice and a forfeiture notice, but it is a
3   one-count indictment.
4        And do you want the indictment read, counsel?
5            MR. McCRUM:  No, sir.  We will waive the reading.
6            THE COURT:  And Mr. Hurd, do you want the indictment
7   read here in open court, or are you willing to not have it
8   read?
9            THE DEFENDANT:  No, sir.  I don't need it read.
10           THE COURT:  You have gone over the indictment,
11  though, with your attorneys?
12           THE DEFENDANT:  Yes, sir.
13           THE COURT:  It accuses you of conspiracy to possess
14  with intent to distribute a controlled substance, specifically
15  marijuana, over 100 kilograms, and five kilograms or more of
16  cocaine.  That is the charge in the indictment.  Do you
17  understand that?
18           THE DEFENDANT:  Yes, sir.
19           THE COURT:  All right.  Do you also understand the
20  proceedings here in court this afternoon?  That is, do you
21  understand what it is you are going to do with respect to
22  these charges against you?
23           THE DEFENDANT:  Yes, sir, I do.
24           THE COURT:  And what is it that you are going to do?
25           THE DEFENDANT:  I am Pleading guilty to the charges

1  that are against me.
2          THE COURT:  All right.  And before I can accept your
3  plea of guilty, we need to go over some other matters and I
4  need to ask you some other questions.
5      First, counsel, have you explained the charges in the
6  indictment to your client?
7          MR. McCRUM:  Yes, sir.
8          THE COURT:  You are satisfied Mr. Hurd is competent,
9  that he understands the charges, and understands the
10 proceedings as well?
11         MR. McCRUM:  Yes, sir, I am.
12         THE COURT:  And then there is not a written plea
13 agreement in the case.  Correct?
14         MR. McCRUM:  That is correct.
15         THE COURT:  And Mr. Tromblay, if you would state the
16 range of punishment that applies to this Count 1 of the
17 indictment.
18         MR. TROMBLAY:  Yes, sir.
19     Mr. Hurd, the minimum and maximum penalties that the
20 Court can impose for conviction for Count 1 includes
21 imprisonment for a period of not less than ten years nor more
22 than life; a fine not to exceed $10 million; a mandatory term
23 of supervised release of at least five years, which must
24 follow any term of imprisonment, and if you were to violate
25 the conditions of supervised release, you could be imprisoned

1  for the entire term of supervised release; a mandatory special
2  assessment of $100; restitution to the victims or to the
3  community, which is mandatory under the law and which will
4  include restitution arising from all relevant conduct and not
5  just to that limited -- not limited to that arising from the
6  offense of conviction alone; the costs of incarceration and
7  supervision; and the forfeiture of property.
8          THE COURT: All right. Thank you.
9      And Mr. Hurd, do you understand this to be the punishment
10 range that applies to this offense that you are charged with?
11         THE DEFENDANT: Yes, sir.
12         THE COURT: And you understand by law it carries a
13 mandatory minimum of ten years?
14         THE DEFENDANT: Yes, sir.
15         THE COURT: And up to life imprisonment?
16         THE DEFENDANT: Yes, sir.
17         THE COURT: All right. And then also do you
18 understand your case is governed by the Sentencing Guidelines;
19 that is Sentencing Guidelines will apply in your case?
20         THE DEFENDANT: Yes, sir.
21         THE COURT: And although the Sentencing Guidelines
22 are no longer mandatory, they are not binding on the Court, do
23 you understand that the Court has to consider the Sentencing
24 Guidelines in imposing a sentence in your case?
25         THE DEFENDANT: I understand that, sir.

1       THE COURT:  Have you discussed the Sentencing
2  Guidelines with your attorney?
3       THE DEFENDANT:  Yes, sir, I have.
4       THE COURT:  And do you have some understanding of
5  how the Guidelines will apply in your case?
6       THE DEFENDANT:  Yes, sir.
7       THE COURT:  All right.  And do you understand--I am
8  sure your lawyers have explained to you--at this time we don't
9  know the exact Guideline range in your case?  Do you
10 understand that?
11      THE DEFENDANT:  I do understand that.
12      THE COURT:  And we won't know your exact Guideline
13 range until after the Probation Office prepares a presentence
14 report, we will have a hearing, we will hear from your
15 attorneys and from the Government's attorneys, and then at
16 that time we will decide or establish what the Guideline range
17 in your case is.  Do you understand that?
18      THE DEFENDANT:  I understand that.
19      THE COURT:  Once we do that, if it turns out that
20 your Guideline range is higher than what you thought it was
21 going to be, or if for any reason you receive a sentence that
22 is higher than what your Guideline range is, do you understand
23 that you will still be bound by your plea of guilty and you
24 can't withdraw your plea of guilty if that were to happen?
25      THE DEFENDANT:  Yes, sir.

1          THE COURT:  Do you also understand that under the
2    law you can a sentence that is higher than your Guideline
3    range?
4          THE DEFENDANT:  Yes, sir.
5          THE COURT:  And, of course, that is a decision that
6    I can't make in your case, and I won't make it, until after I
7    have seen your presentence report, after hearing from your
8    attorneys, and after hearing from the Government's attorney.
9    But if, after doing that, for some reason I find that a
10   sentence higher than your Guideline range is proper and so I
11   sentence you to higher than your Guideline range, do you
12   understand that you will still be bound by your plea of guilty
13   and you can't withdraw your plea of guilty if that were to
14   happen?
15         THE DEFENDANT:  Yes, sir.
16         THE COURT:  Okay.  And there is a factual resume.
17   Has it been signed and filed?
18         MR. McCRUM:  Yes, sir.  Here is a copy that has been
19   signed, Judge--I can provide it to the Court--and signed by
20   Mr. Hurd.  I provided a copy to the Government.
21         THE COURT:  And Mr. Tromblay, if you would read the
22   factual resume, please, sir.
23         (Whereupon, the factual resume was read in open
24         court.)
25         THE COURT:  Thank you.

1        And Mr. Hurd, this factual resume that was just read by
2   Mr. Tromblay, it has been filed with the Court.  You signed
3   it.  And did you go over this factual resume with your
4   attorneys before you signed it?
5            THE DEFENDANT:  Yes, sir.
6            THE COURT:  Do you understand all of the information
7   in this factual resume?
8            THE DEFENDANT:  Yes, sir.
9            THE COURT:  And is this factual resume true and
10  correct?
11           THE DEFENDANT:  Yes, sir.
12           THE COURT:  And how do you plead, then, to Count 1
13  of the indictment?
14           THE DEFENDANT:  I plead guilty to Count 1 of the
15  indictment.
16           THE COURT:  And do you understand that you have the
17  right to plead not guilty?
18           THE DEFENDANT:  Yes, sir.
19           THE COURT:  And do you also understand that if you
20  plead not guilty, you would have the right to have a trial by
21  a jury in your case?
22           THE DEFENDANT:  Yes, sir.
23           THE COURT:  At that trial by a jury, you would have
24  the right to confront the witnesses that the Government has
25  against you, those witnesses would be brought here in open

1    court, they would be placed under oath, they would testify

2    under oath here in open court, you would have the right to

3    cross examine those witnesses through your attorneys asking

4    those witnesses questions, and you would have the right to

5    subpoena and to call witnesses to testify in your own defense,

6    if you chose to do that, and you would also have the Fifth

7    Amendment right against compelled self-incrimination, which

8    means you couldn't be forced to testify against yourself.

9         Do you understand that you have these rights in

10   connection with this case?

11             THE DEFENDANT:  Yes, sir.

12             THE COURT:  And do you understand that by pleading

13   guilty you are waiving or your are giving up these rights I

14   have just explained to you?

15             THE DEFENDANT:  Yes, sir.

16             THE COURT:  And is that what you want to do in this

17   case is to give up those rights and to plead guilty?

18             THE DEFENDANT:  That is what I want to do, sir.

19             THE COURT:  And are you pleading guilty freely and

20   voluntarily of your own free will?

21             THE DEFENDANT:  Yes, sir.

22             THE COURT:  Has anybody tried to force you or

23   threaten you or coerce you in any way in order to get you to

24   plead guilty against your will?

25             THE DEFENDANT:  No, sir.

1    THE COURT:  And have you been promised any kind of a
2    benefit, except other than some agreements you may have with
3    the Government?
4    THE DEFENDANT:  No, sir.
5    THE COURT:  Have you been promised any kind of a
6    benefit in exchange for your plea of guilty?
7    THE DEFENDANT:  No, sir.
8    THE COURT:  Mr. Hurd, I am going find that you are
9    competent, that you are capable of entering an informed plea,
10   that your plea of guilty is freely, voluntarily, and knowingly
11   made.  Your plea is supported by independent facts as set
12   forth in the factual resume that support the elements of Count
13   1 of the indictment.  I will, therefore, accept your plea of
14   guilty and find you guilty of the offense alleged in Count 1
15   of the indictment.
16     We will set your case for a sentencing hearing.  And in
17   order for the Probation Office to prepare a presentence report
18   in your case, you will need to be interviewed by a Probation
19   officer prior to that sentencing hearing.  You have the right
20   to have your attorneys present with you during that interview
21   with the Probation Office.
22     Once that report is prepared, you will see a copy of it.
23   At your sentencing hearing you will be entitled to challenge
24   any information that is contained in that presentence report,
25   you will be entitled to present information in your behalf

1   before sentencing, to speak in your behalf, of course your
2   attorneys will speak in your behalf, we will establish the
3   Guideline range in your case at that time, and then I will
4   also impose a sentence in your case.
5       Now, have you understood everything we have done here
6   this afternoon?
7           THE DEFENDANT:  Yes, sir.
8       May I address the Court, sir?
9           THE COURT:  In just a minute.
10      Do you have any questions about anything we have done
11  here?
12          THE DEFENDANT:  No, sir.
13          THE COURT:  All right.  Go ahead.
14          THE DEFENDANT:  I would like to say that I am sorry
15  for everything I have done, and also for dragging on this
16  hearing and this motion and coming to this agreement right
17  now.  I have tried to make this available and appear that I
18  wanted to plead guilty awhile now, sir.  I didn't mean to make
19  it this drastic and long, and I have tried and I am trying to
20  talk to the Government, but obviously we have not come
21  together to make the agreement understood.  And I have always
22  wanted to tell the truth and tell my whole side and plead
23  guilty to this, and I just want you to know that I am sorry
24  for wasting your time and wasting judicial funds of going this
25  far along.  It has never been my intent to proceed this long

1  and try to get a continuance to make the Court go longer and
2  try to make a decision and have my time in Seagoville.  I was
3  trying to get this done in a timely fashion and under --
4  without distress on your part.
5          THE COURT:  All right.  Thank you.
6      Counsel, anything that we need to address, then,
7  before --
8          MR. McCRUM:  No, sir.
9          THE COURT:  Mr. Tromblay, anything from the
10 Government?
11         MR. TROMBLAY:  No, sir.
12         THE COURT:  Mr. Hurd, you are remanded to the
13 custody of the Marshal, then, pending your sentencing hearing.
14 We will set your sentencing hearing on July 10th, 2013 at 1:30
15 p.m.  The presentence report will be due June the 5th,
16 objections June the 19th, the addendum on June 26th.  We will
17 enter a written scheduling order with these dates.
18      Is there anything else we need to address?
19         MR. McCRUM:  No, sir.
20         THE COURT:  Mr. Hurd, you are remanded to the
21 custody of the Marshal pending your sentencing hearing.
22      Court is adjourned.
23                     (End of hearing.)
24
25

```
1              I HEREBY CERTIFY THAT THE FOREGOING IS A
2         CORRECT TRANSCRIPT FROM THE RECORD OF
3         PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.
4         I FURTHER CERTIFY THAT THE TRANSCRIPT FEES
5         FORMAT COMPLY WITH THOSE PRESCRIBED BY THE
6         COURT AND THE JUDICIAL CONFERENCE OF THE
7         UNITED STATES.
8
9         S/Shawn McRoberts                08/23/2013
10        _____DATE_____
          SHAWN McROBERTS, RMR, CRR
11        FEDERAL OFFICIAL COURT REPORTER
```

Shawn M. McRoberts, RMR, CRR
Federal Official Court Reporter